**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10439 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-01259-DKW-2 |
| v. | |
| DAVID STEIDELL, | MEMORANDUM & ORDER[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted February 11, 2016[**]
University of Hawaii Manoa, Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Defendant David Steidell pleaded guilty to one count of conspiracy to

distribute ecstacy; one count of conspiracy to distribute and possess with intent to

distribute 50 grams or more of methamphetamine; one count of distribution of 50

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

grams or more of methamphetamine; and one count of possession with intent to distribute ecstacy. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(A), 846. The district court sentenced him to 170 months' imprisonment. Steidell appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the sentence.[1]

(1) The district court did not plainly err when it failed to adjust Steidell's base offense level due to sentencing entrapment. Steidell has not shown that he lacked both the "intent and capability to produce" 50 grams of methamphetamine. *See United States v. Biao Huang*, 687 F.3d 1197, 1200 (9th Cir. 2012). To the contrary, in his change of plea hearing, Steidell admitted to facilitating a sale that involved four ounces (approximately 113 grams) of methamphetamine. During the hearing, Steidell recalled telling an undercover officer he "could get him anything he wanted" on the same day Steidell negotiated the methamphetamine sale. These admissions show Steidell conceived of and participated in a plan to sell more than 50 grams of methamphetamine. They do not support the defense of sentencing entrapment.

---

[1] Steidell's motion to supplement the record with evidence of his state plea agreement is GRANTED.

(2)  We also reject Steidell's claim that the district court incorrectly calculated his U.S. Sentencing Guidelines range.  First, the record shows that Steidell coordinated the activities of other participants in this drug distribution scheme, so application of § 3B1.1(c)'s two-point aggravating role enhancement was proper.  U.S.S.G. § 3B1.1(c); *see United States v. Christensen*, 801 F.3d 970, 1020 (9th Cir. 2015) (affirming application of the enhancement when Christensen directed the activities of his co-defendant and gave his co-defendant assignments).  Second, the district court resolved Steidell's objections to his presentence report before finally determining his sentence.  Third, the record amply supports the district court's finding that Steidell was responsible for 34.1 grams of MDMA; 3,999.2 grams of BZP; and 110.9 grams of methamphetamine.

(3)  Finally, Steidell claims that his sentence was substantively unreasonable because he received a longer sentence than his co-defendant.  This disparity is not a ground for reversal because Steidell's co-defendant cooperated with the government and had no criminal history, but Steidell did not cooperate with the government and had a substantial criminal history.  *See United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013) (affirming sentence even though co-defendant received a significantly shorter sentence because co-defendant "cooperated with

3

the government's investigation").  Steidell's sentence, which fell in the middle of the applicable Guidelines range, was substantively reasonable.  *See id.*

    **AFFIRMED.**